IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-CV-00324

| | |
|---|---|
| **BRYAN J. JOHNS**, individually and on behalf of the Morris & Associates, Inc. Employee Stock Ownership Plan,<br><br>Plaintiff,<br><br>v.<br><br>**WILLIAM F. MORRIS III, DORIS MORRIS, RANDY CLAPSADL, ROBERT F. WARWICK, BRUCE BOWERS, JOHN KIMBER, NED LEARY, ED LEONARD, JOHN SHELL** and **MORRIS & ASSOCIATES, INC.**, a North Carolina Corporation,<br><br>Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS** |

Plaintiff, by and through his undersigned counsel, respectfully submit this Opposition to Defendants' Partial Motion to Dismiss.

**I.     Introduction**

Plaintiff Bryan J. Johns ("Plaintiff" or "Johns") is a participant in the Morris & Associates, Inc. ESOP (the "ESOP") and was, until he filed this lawsuit, a fiduciary of the ESOP as a member of the ESOP's Administrative Committee and as Trustee to the ESOP. To protect the ESOP and act solely in the interests of participants and beneficiaries, Johns challenged ESOP stock valuations and corporate governance and then filed this Action when Defendants failed to take action. Defendants fired Plaintiff because he sought to fulfill his duties as an ESOP Trustee. After Johns filed this lawsuit to protect the ESOP and its participants from mismanagement and self-dealing, Defendants terminated Johns as a member of the Plan's Administrative Committee and as Trustee to the ESOP. Defendants now seek partial dismissal on the grounds that Johns supposedly lacks

1

statutory standing as an ERISA fiduciary because they terminated him from that status. The Court should reject this brazen attempt to short-circuit ERISA's retirement plan protections. A fiduciary is duty-bound to cure retirement plan mismanagement and self-dealing. That's what Johns is trying to do. If the very persons who are accused of violating ERISA can get away with terminating the fiduciary who is trying to fix the problems, then retirement plans and their participants will suffer. Defendants' arguments are inconsistent with the statute, the case law, and good policy.

## II. Brief Summary of Alleged Facts

Plaintiff Johns was an employee of Morris & Associates and a Trustee to the Morris & Associates, Inc. Employee Stock Ownership Plan (the "ESOP"). Dkt 1, Complaint, at ¶ 1. Johns began questioning the reasonableness of the valuations given for the ESOP's stock holdings in Morris & Associates and, as a result, was terminated as an employee. Compl. ¶¶ 150–153. Johns then filed this lawsuit, alleging breaches of fiduciary duty with respect to the ESOP's stock valuations (Count I), and with respect to other decisions made in the interest of Morris' CEO, William F. Morris III, and other members of the Morris family. (Counts II and III). Johns also brought a claim of interference with protected rights under ERISA for Defendants' conduct in retaliation for Johns questioning the valuations and filing the lawsuit. (Count IV). Shortly after Johns filed the lawsuit, Defendants voted to remove him as Trustee. Defendants now argue that since they have removed him as Trustee, he can no longer protect the Plan's rights under ERISA, admitting, for all practical purposes, that they removed Johns from his employment and Morris and his position as Trustee in order to interfere with protected rights as alleged in the Complaint.

For the reasons stated below, Defendants' efforts to avoid liability to the Plan by removing Johns as Trustee, and to avoid liability under Count IV, are without merit.

2

Case 5:23-cv-00324-D-RJ   Document 33   Filed 09/11/23   Page 2 of 12

### III. Legal Standard

"A motion to dismiss that challenges a party's statutory standing "is effectively the same as a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6)." *United States v. Oregon*, 671 F.3d 484, 487–88 (4th Cir. 2012)(cleaned up). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint; it does not serve as the means by which a court will resolve factual contests, determine the merits of a claim or address potential defenses. *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss under Rule 12(b)(6), the Court will accept a plaintiff's well-pleaded allegations in a complaint as true and view the facts in a light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"Statutory standing looks to whether Congress, by statute, intentionally removed certain causes of actions from the realm of cases or controversies federal district court normally hear." *Progressive Rail, Inc. v. CSX Transportation, Inc*., 2018 WL 1526331 (E.D.Ky. Mar. 28, 2018).

### IV. Argument

**a.  Plaintiff, as a recently-removed Trustee, has standing to continue pursuing his claims on behalf of the Plan for the benefit of the Plan.**

Defendants opposed Plaintiff's motion for Temporary Restraining Order by arguing there would be no "irreparable harm" because "Johns has made no showing that termination as an ESOP trustee will result in the dismissal of this action for lack of standing" and, therefore, "the injunction he seeks is [not] required to preserve the court's ability to render a meaningful judgment on the merits." Dkt. 14 at 17. On that basis, the motion was denied. Dkt. 17. Now, Defendants do an about-face, arguing that Plaintiff lacks standing to pursue any representative claims precisely *because* Defendants have been able to remove him as Plan Trustee. Defendants also preview that

3

if their current motion is successful, there will be "further motion practice in this case" in which they contest Johns' "standing to proceed in his capacity as a Plan participant." Dkt. 30 at 7, FN2. Having laid-bare their self-interested reason for removing Plaintiff as Trustee, and their piece-meal campaign to entirely avoid addressing the merits of their conduct, Defendants now ask the Court to reject not only their argument from earlier this summer, but also clear authority that a former-fiduciary continues to have statutory standing in cases such as this.

First, the Fourth Circuit has allowed former fiduciaries to bring ERISA claims. *Trujillo v. Landmark Media Enterprises, LLC*, 689 Fed.App'x 176 (4th Cir. 2017) (reversing dismissal of ERISA claims by a former fiduciary); *see also, Clancy v. United Heathcare Insurance Co.*, --- F.Supp.3d ----, 2022 WL 17342604, *8 (E.D. Va. Nov. 30, 2022) (former fiduciaries maintained standing to pursue an action on behalf of a terminated plan).

Second, Defendants' authority suggesting the contrary is inapplicable because Plaintiff is not currently a disinterested stranger to the Plan. Defendants rely on *H&R Convention and Catering Corp. v. Somerstein*, No. 13-1425, 2013 WL 1911335, at *7 (E.D.N.Y. May 8, 2013) for the proposition that former fiduciaries lack statutory standing, but as the Seventh Circuit recognized, that is only true where the former fiduciary "no longer had an interest in protecting the plan to which it was now a complete stranger." *L.I. Head Start Development Services, Inc., v. EEOC of Nassau Co.*, 710 F.3d 57, 66 (2d Cir. 2013). Under the Second Circuit's test, Plaintiff continues to have standing as a former fiduciary because he has a "continuing interest in protecting the Plan assets" given he remains an ESOP participant. *Id*. Regardless, Defendants' authority is inconsistent with other circuits, not just the Fourth Circuit's ruling in *Trujillo*, 689 Fed.App'x. at 177–78. *See, e.g., Hashimoto v. Bank of Hawaii*, 999 F.2d 408, 411 (9th Cir. 1993) (fiduciary removed after complaining to co-fiduciaries had standing to bring ERISA claim).

Third, Defendants other authority is distinguishable, and in some cases the inverse, from the situation at hand. In *Trijillo v. Am. Bar Ass'n*, 706 Fed. App'x 868, 870 (7th Cir. 2017), the former fiduciary was attempting to bring an ERISA claim "to vindicate only his own interests" (*id*. at 869), and the Seventh Circuit indicated that the outcome would be different if the lawsuit had been brought "in the interests of the Plan." *Id*. at 869–70. Indeed, the Court reasoned that a "current or former" fiduciary could pursue an action "but must do so in the interest of the plan, not for his own benefit." *Id*. at 870. That is exactly what Johns is doing. See, Complaint, Dkt. 1, at 32–34 (listing plan-wide relief sought by Johns).

Defendants also rely on *Corbin*, but there the Sixth Circuit stepped in to hold that a trustee leaving office is not fatal to a lawsuit he has already begun to protect the interests of the Plan. *Corbin v. Blackenburg*, 39 F.3d 650, 653 (6th Cir. 1994). The Sixth Circuit noted that killing a lawsuit brought by a trustee simply because the trustee was removed would be inconsistent with Congress' stated intent for ERISA, that it "protect the interests of participants in employee benefit plans and their beneficiaries by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." *Id*. (citing 29 U.S.C. § 1001(b)). Here, too, Defendants are attempting to limit their responsibilities and exposure to the ESOP by removing the complaining trustee.

Similarly, in *Healey v. Abadie*, 141 F.Supp.3d 397, 402 (E.D. Va. 2015), the court allowed a case brought by one trustee alleging breaches by the majority of trustees, even though the plan document in that case purported to require a majority of the trustees to bring an action. Allowing fiduciaries to avoid liability by over-ruling or terminating trustees is thus antithetical to the developed law. Since ERISA defendants cannot stop one trustee from filing a case — indeed, the

5

one trustee is obligated to bring it or face liability for failing to do so[1] — why should an ERISA defendant be able to stop one trustee simply by removing him after he files the case?

Likewise, courts have consistently found that former fiduciaries have standing after an ERISA plan has been completely terminated, because "allowing a fiduciary to avoid liability for such loss by terminating the ESOP would be contrary to the broad remedial policy evinced by ERISA § 409(a)." *Horn v. McQueen*, 353 F.Supp.2d 785, 801 n.20 (W.D. Ky. 2004) (cleaned up); *see also Clancy v. United Healthcare Ins. Co.*, --- F.Supp.3d ----, 2022 WL 17342604 (E.D. Va. Nov. 30, 2022) (trustee had standing post-liquidation of plan); *Oak Point Partners, LLC v. Blue Cross Blue Shield of Michigan*, 446 F.Supp.3d 195, 196–97 (E.D. Mich. 2020) (same).

Fourth, as Defendants note, ERISA provides standing to participants and that right also applies to former participants. *See* ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ("A civil action may be brought…***by a participant***, beneficiary ***or fiduciary*** for appropriate relief under section 1109 of this title") (emphasis added); s*ee also In re Mutual Funds Inv. Litig.,* 529 F.3d 207, 215–216 (4th Cir. 2008); *Moore v. Virginia Community Bankshares, Inc.*, --- F.Supp.3d ----, 2023 WL 2714930 (W.D. Va. Mar 30, 2023) (finding former ESOP participant had standing); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989). Defendants offer no reasoning why a former participant has standing but a former fiduciary does not. Participants and fiduciaries are both expressly identified in the statute. Indeed, "the Fourth Circuit liberally construes fiduciary status under ERISA." *Gray v. Blue Cross & Blue Shield of N. Carolina*, No. 19-1234, 2021 WL 1090734, at *3 (M.D.N.C. Mar. 22, 2021) (citing *Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 931 F.3d 269, 276–79 (4th Cir. 2019); *see also Dawson-Murdock*, 931 F.3d at 278 (explaining that "ERISA

---

[1] *Plasterers' Local Union No. 96 Pension Plan v. Pepper*, 663 F.3d 210, 217 (4th Cir. 2011) (fiduciaries have a duty to *investigate* and *remedy* ERISA violations by other fiduciaries).

6

is a 'remedial statute' that 'should be liberally construed'")(quoting *Teamsters Joint Council No. 83 v. Centra, Inc*., 947 F.2d 115, 123 (4th Cir. 1991).

Fifth, as a former fiduciary, Johns could be held liable for prior breaches of fiduciary duty, unless he has remedied them. *Plasterers' Local Union No. 96 Pension Plan v. Pepper*, 663 F.3d 210, 217 (4th Cir. 2011) (a former trustee can be liable for, among other things, "failure to investigate" fiduciary breaches that occurred while he was a trustee); *Gamache v. Hogue*, No. 19-21, 2021 WL 5177455, *1 (M.D.Ga. Nov. 1, 2021) (citing additional authority for the proposition that fiduciaries are liable for "failing to remedy the continuing effect of" a prior fiduciary's breach.) It would defy logic to hold that a *former* trustee can be required to remedy an ERISA violation that occurred when he was a fiduciary, while also holding that the same former trustee is powerless to do so.

Finally, Defendants' preference that Plaintiff bring this action solely as an individual participant is inconsistent with the purpose of ERISA § 502(a)(2) according to the U.S. Supreme Court, which prioritizes plan wide, rather than individual, actions. *See, Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142, 142 n.9, 144 (1985) (stating "[a] fair contextual reading of the statute makes it abundantly clear that its draftsman were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.") Plaintiff need not detail all of the negative policy implications that would come from providing a litigation incentive for employers to fire any fiduciary who begins to ask questions or meets his obligation to the Plan by filing a lawsuit against his co-fiduciaries. Indeed, Congress enacted an anti-retaliation provision, 29 U.S.C. § 1140, to discourage that very outcome.

For the foregoing reasons, it is abundantly clear that Plaintiff has standing to pursue the claims in this lawsuit including those made on a representative basis as an ESOP Trustee.

**b. Plaintiff has stated a claim for retaliation under 29 U.S.C. § 1140.**

Defendants argue that Plaintiff cannot state a claim under the statute for retaliation because he had not testified in an inquiry or proceeding, but their argument entirely ignores the relevant portion of ERISA's anti-retaliation protection here. Namely, the first sentence of 29 U.S.C. § 1140 declares:

> It shall be unlawful for any person to discharge, find, suspend, expel, discipline, or discriminate against a participant … for exercising any right to which he is entitled until the provisions of an employee benefit plan, [or ERISA], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or ERISA].

29 U.S.C. § 1140. Defendants' argument concerns only the second sentence of that statute, that it is also unlawful to retaliate against a participant for "giv[ing] information" or "testify[ing]", but that sentence is not relevant here (except to the extent that Defendants have now also retaliated against Plaintiff for the filing of this action by removing Johns as Trustee).

There is no dispute that Johns was exercising rights to which he was entitled. This exercise of rights came: (1) under the provisions of the ESOP plan documents when he acted as Trustee to question the valuation and seek a fair one for the Plan, and (2) under the provisions of the ESOP plan documents and statute when he complained about the valuation and, ultimately, filed a lawsuit.[2]

Plaintiff alleges he was discharged from his employment for these reasons, which Defendants do not dispute.[3] Since filing the Complaint, Defendants removed Plaintiff as a member

---

[2] As discussed, Johns is a "participant" and, therefore falls within the antiretaliation statute. He had certain rights under the Plan and ERISA by virtue of being a participant, but he also had certain rights by virtue of being a trustee. As the statute includes "any right to which he is entitled" it protects him from retaliation from exercising his rights as a participant and his rights as a trustee.

[3] Even if they did, the Court cannot weigh evidence at this Motion to Dismiss stage.

of the Plan's Administrative Committee and ESOP Trustee, which in itself was a blatant violation of ERISA's anti-retaliation provision in that the removal was motivated by Johns' initiation of this lawsuit.

Under the plan document, Johns, as Trustee, had the right "[t]o determine, for all purposes of the Plan, the fair market value of any securities or other property held by the Trustee in the Trust and, where any securities or other property are determined by the Trustee not to be marketable, to determine their value in accordance with sound practice and standards for evaluating such property." Plan Doc. ¶ 9.4(c). The plan document also gave Johns the right to "commence or defend suits or legal proceedings and the represent the Trust in all suits and legal proceedings in any court". Plan Doc. ¶ 9.4(p). Further, under the Trust Agreement, Johns had the right to "sue" (Trust Agreement § C(8)) and to "[p]erform all acts which the Trustee shall deem necessary or appropriate". Trust Agreement § C(10). Further, Johns is a plan participant. Thus, Johns was unquestionably retaliated against for "exercising" his rights "under the Plan".

In addition to retaliation for exercising his rights under the Plan, Defendants retaliated against Johns for exercising his rights under ERISA. *See* ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) (stating "[a] civil action may be brought…***by a participant***, beneficiary ***or fiduciary*** for appropriate relief under section 1109 of this title") (emphasis added). As Trustee, ERISA gave Johns the right to "exclusive authority and discretion to manage and control the assets of the plan" 29 U.S.C. § 1103(a), as well as the right to "make[] reasonable efforts under the circumstances" to prevent or remedy of breach by a co-fiduciary. 29 U.S.C. § 1105(a)(3). More obviously, Johns unquestionably had the right under ERISA to investigate, as ERISA imposed a duty on him to do so. *Plasterers' Local Union No. 96 Pension Plan v. Pepper*, 663 F.3d 210, 217 (4th Cir. 2011) (a former trustee can be liable for, among other things, "failure to investigate").

9

Even short of litigation, asking questions about the stock valuation and suggesting it was improper, are certainly "reasonable efforts" by a Trustee, and therefore Johns was also retaliated against for "exercising" his rights under "ERISA". 29 U.S.C. §§ 1105(a)(3); 1140 (prohibiting retaliation for exercising a right granted by the Plan or by ERISA).

"[O]ne ERISA-protected activity is protesting a legal violation in connection with an ERISA-governed plan." *Acosta v. Brain*, 910 F.3d 502, 513 (9th Cir. 2018). Defendants attempt to argue that the Fourth Circuit decision in *King* controls, but in *King* that court expressly considered "only" the ERISA protection against retaliation against someone "because he has given information or has testified or is about to testify in any inquiry or proceeding." 337 F.3d 421, 427 (4th Cir. 2003). Again, that is not the provision at issue here. Relevant here, ERISA § 540 declares it: "[u]nlawful for any person to discharge, find, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled" if the right is "under the plan" or under "ERISA". *See, e.g., Diven v. Fairmont General Hosp., Inc.*, No. 11-27, 2011 WL 7431715, *2 (N.D. W.V. Nov. 23, 2011) (plaintiff can state a claim for violation of ERISA § 510 by alleging her firing "was motivated, as least in part, by a desire to interfere with her pension rights under the ERISA plan."). Indeed, the Fourth Circuit has noted that § 1140 should be interpreted broadly, as "the Act clearly contemplates suits to protect any rights implicated by employer action." *Conkwright v. Westinghouse Elec. Corp*., 933 F.2d 231, 237 and 239 (4th Cir. 1991) ("[T]he primary focus of § 510 is to prevent unscrupulous employers from discharging or harassing their employees…"); *Harris v. Johns Hopkins Health Systems Corp*., No. 23-701, 2023 WL 3624733 (D. Md. May 23, 2023) (same).

Finally, Defendants' brief underscores that their most recent retaliation, removing Johns as Trustee, was done "for the purposes of interfering with the attainment of any right" he had under

the ESOP or ERISA. As it post-dates the Complaint, it was not included within the original claims, but would be included if the Plaintiff was permitted leave to amend.

V.      Conclusion

For the reasons stated above, rewarding Defendants' behavior by dismissing any claims under their partial motion to dismiss would be inconsistent with ERISA's purposes, the plain language of the statute itself, and developed caselaw from the Fourth Circuit and beyond. Accordingly, Defendants' Partial Motion to Dismiss should be denied.

Dated: September 11th, 2023

Of Counsel:
Gregory Y. Porter (pro hac vice)
Mark G. Boyko (pro hac vice)
David A. Felice (pro hac vice)
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street, NW, Ste. 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
mboyko@baileyglasser.com
dfelice@baileyglasser.com

*/s/ Alan B. Felts*
J. Nathan Duggins III
N.C. State Bar No. 22029
Denis E. Jacobson
N.C. State Bar No. 13559
Alan B. Felts
N.C. State Bar No. 42826

TUGGLE DUGGINS P.A.
400 Bellemeade Street, Ste. 800
Greensboro, NC 27401
Telephone: (336) 378-1431
Facsimile: (336) 274-6590
NDuggins@tuggleduggins.com
DJacobson@tuggleduggins.com
AFelts@tuggleduggins.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was this date electronically filed and served on all parties to this action through the Court's CM/ECF system.

This the 11th day of September, 2023.

*/s/ Alan B. Felts*
Alan B. Felts
N.C. State Bar No. 42826
*Attorney for Plaintiff*

OF COUNSEL:

TUGGLE DUGGINS P.A.
Post Office Box 2888
Greensboro, North Carolina 27402
Telephone: (336) 378-1431
Facsimile: (336)274-6590