IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-324-D

| | |
|---|---|
| BRYAN J. JOHNS, individually and on behalf of the Morris & Associates, Inc. Employee Stock Ownership Plan,<br>        Plaintiff,<br><br>v.<br><br>WILLIAM F. MORRIS III, et. al.,<br>        Defendants. | ORDER |

On June 16, 2023, Bryan J. Johns ("Johns" or "plaintiff") filed a complaint against William F. Morris III ("Morris III"), Doris Morris, Randy Clapsadl, Robert F. Warwick ("Warwick") (collectively, "Trustee Defendants"), Morris & Associates, Inc. ("Morris & Associates" or the "Company"), and Bruce Bowers, John Kimber, Ned Leary, Ed Leonard, and John Shell ("the Board Defendants") (collectively, "defendants"), alleging breach of fiduciary duty claims on behalf of the Morris & Associates Employee Stock Ownership Plan ("ESOP" or "the Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and a retaliation claim under ERISA § 510, 29 U.S.C. § 1140 [D.E. 1]. On June 16, 2023, Johns also moved for a temporary restraining order to enjoin defendants from removing Johns as trustee of the Plan [D.E. 4]. On June 23, 2023, the court held a hearing on the motion [D.E. 16] and denied Johns's motion for a temporary restraining order [D.E. 17].

On August 21, 2023, defendants filed a partial motion to dismiss [D.E. 29], a memorandum in support [D.E. 30], and an answer to the complaint [D.E. 31]. On September 11, 2023, Johns

responded in opposition [D.E. 33]. On October 2, 2023, defendants replied [D.E. 36]. As explained below, the court denies defendants' motion to partially dismiss the complaint.

I.

From August 2007 until April 2023, Morris & Associates employed Johns. See Compl. [D.E. 1] ¶ 14. Johns served as the Company President for approximately ten years, and he most recently served as Chief Operating Officer. See id. In January 2011, the Employee Stock Ownership Trust Agreement was formed to create the Plan. See id. at ¶ 11. The January 2017 Summary Plan Description identifies Johns as a Plan trustee, and at all relevant times during his employment, Johns was both a fiduciary trustee of the Plan and a Plan participant. See id. at ¶¶ 2, 11. Johns alleges that defendants terminated his employment in April 2023 after he questioned the reasonableness of the market valuations given for the ESOP's stock holdings in the Company. See id. at ¶¶ 57, 58, 150–53.

On June 16, 2023, Johns filed this action. Johns alleges breaches of fiduciary duty (1) for undervaluing the ESOP's Company stock (count one), see id. at ¶¶ 117–27, (2) for allowing excessive use of corporate assets for personal benefit and excessive compensation (count two), see id. at ¶¶ 128–35, and (3) for managing the ESOP and the Company for the benefit of Morris III and his family at the expense of the ESOP and its participants (count three). See id. at ¶¶ 136–46. Johns also alleges a section 510 retaliation claim for interfering with his protected rights under ERISA and the Plan to investigate and manage the ESOP stock valuations (count four). See id. at ¶¶ 147–54. When Johns filed suit, Johns still served as a trustee of the ESOP. See id. at ¶ 115. After Johns filed suit, defendants voted to remove Johns as trustee effective July 2023. See id. at ¶ 114; [D.E. 33] 2.

2

II.

Defendants move to dismiss all claims that Johns brings in a representative capacity on behalf of the Plan and argue that Johns lacks standing because he no longer serves in a fiduciary capacity with respect to the Plan. See [D.E. 29] 1; Fed. R. Civ. P. 12(b)(1). Defendants also move to dismiss Johns's retaliation claim for failure to state a claim upon which relief can be granted. See [D.E. 29] 1; Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). When considering a Rule 12(b)(1) motion, the "court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted); see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A plaintiff must establish that this court has subject-matter jurisdiction over his claims. See, e.g., Steel Co., 523 U.S. at 103–04; Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged" in the complaint and any additional materials. Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

Even if a plaintiff possesses Article III standing, "prudential principles that bear on the question of standing" may still prevent him from prosecuting his claim in federal court. Bennett v.

3

Spear, 520 U.S. 154, 162 (1997) (quotation omitted). One such prudential concern is whether the plaintiff's grievance "arguably fall[s] within the zone of interests protected or regulated by the statutory provision... invoked in the suit." Id. In analyzing a statute, the "analysis begins with the language of the statute.... And where the statutory language provides a clear answer, it ends there as well." Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999) (quotation omitted); see Est. of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992); Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

4

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The parties extensively briefed whether Johns has statutory standing as a former plan fiduciary. Defendants principally rely on four cases to support their argument that Johns lacks statutory standing to proceed in a representative capacity because he is no longer a plan fiduciary. See [D.E. 30] 6–7; Trujillo v. Am. Bar Ass'n, 706 F. App'x 868, 870 (7th Cir. 2017) (unpublished); Corbin v. Blankenburg, 39 F.3d 650, 652–54 (6th Cir. 1994) (en banc); Chemung Canal Tr. Co. v. Sovran Bank/Md., 939 F.2d 12, 14–15 (2d Cir. 1991); Blackmar v. Lichtenstein, 603 F.2d 1306, 1310 (8th Cir. 1979). Johns responds that those courts relied on the rationale that the former fiduciaries were not attempting to vindicate the plan interests, but rather only their own. See [D.E. 33] 5. Johns also cites L.I. Head Start Child Development Services, Inc. v. EEOC of Nassau County, 710 F.3d 57, 66 (2d Cir. 2013), and argues that the Second Circuit limited its holding in Chemung. See [D.E. 33] 4. Specifically, the Second Circuit described Chemung as a case where "a former fiduciary—whose interests were adverse to those of the plan—lacked standing [because the former fiduciary] no longer had an interest in protecting a plan to which it was now a complete stranger." L.I. Head Start, 710 F.3d at 66 (cleaned up). Johns also argues that it is logically inconsistent for a

5

former plan fiduciary to lack standing when former participants in closed plans have standing under 29 U.S.C. § 1132(a). See [D.E. 33] 6–7 (citing Dawson-Murdock v. Nat'l Counseling Grp., Inc., 931 F.3d 269, 276–79 (4th Cir. 2019); Moore v. Va. Cmty. Bankshares, Inc., ___ F. Supp. 3d ___, 2023 WL 2714930, at *4–9 (W.D. Va. Mar. 30, 2023); Gray v. Blue Cross & Blue Shield of N.C., No. 1:19CV1234, 2021 WL 1090734, at *3 (M.D.N.C. Mar. 22, 2021) (unpublished)).

This court need not determine whether a former plan fiduciary who was removed from his fiduciary position after filing suit has standing under 29 U.S.C. § 1132(a). Defendants focus on dismissing the claims "as alleged in a representative capacity" under the belief that such a ruling would restrict the relief or scope of discovery Johns could pursue, even though defendants acknowledge that Johns remains a Plan participant. See [D.E. 30] 7 n.2 ("While Defendants do not contest at this stage, Plaintiffs' standing to proceed in his capacity as a Plan participant, his limitation in that role may well have implications for the scope of discovery and for further motion practice in this case."). Because Johns remains a Plan participant, the court's standing analysis is not strictly tied to his status as a fiduciary.

ERISA section 502(a)(2) provides that "[a] civil action may be brought—by the Secretary [of Labor], or by a [plan] participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Defendants concede that Johns is a Plan participant. See [D.E. 30] 7 n.2. ERISA does not differentiate between the representative capacity of a plan participant versus a plan fiduciary for a breach of fiduciary duty claim. Either way, such a plaintiff must bring suit "in a representative capacity on behalf of the plan as a whole." Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 & n.9, 144 (1985); see David v. Alphin, 704 F.3d 327, 332 (4th Cir. 2013); Wilmington Shipping Co. v. New England Life Ins. Co., 496 F.3d 326, 334–35 (4th Cir. 2007); Clancy v. United Healthcare Ins. Co., 643 F. Supp. 3d 589, 601 (E.D. Va. 2022); Gray, 2021

6

WL 1090734, at *4; TBM Consulting Grp., Inc. v. Lubbock Nat'l Bank, No. 5:17-CV-460, 2018 WL 2448446, at *4–5 (E.D.N.C. May 31, 2018) (unpublished); DiFelice v. U.S. Airways, Inc., 235 F.R.D. 70, 75–76 (E.D. Va. 2006). Moreover, the United States Court of Appeals for the Fourth Circuit expressly disavowed the notion that only a trustee may prosecute a breach of fiduciary duty claim on behalf of a plan. See Wilmington Shipping Co., 496 F.3d at 339–40. Furthermore, the court declines to impose procedural safeguards on the adequacy of representation of plan interests within the statutory standing analysis. See, e.g., TBM Consulting, 2018 WL 2448446, at *4–5.

Johns has standing as a Plan participant to sue in a representative capacity on behalf of the ESOP for breaches of fiduciary duty. Thus, the court denies defendants' motion to dismiss the breach of fiduciary duty claims that Johns brings in a representative capacity on behalf of the ESOP.

As for defendants' motion to dismiss count four for failure to state a claim upon which relief can be granted, Johns alleges a violation of ERISA section 510 for retaliation against Johns in response to exercising his rights and responsibilities under the ESOP and ERISA. See Compl. ¶¶ 147–54; 29 U.S.C. § 1140. Section 510 of ERISA provides, in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140; see Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 236–37 (4th Cir. 1991).

Defendants argue that Johns fails state a claim because the Company fired Johns before he

7

brought this action and his complaint fails to allege he gave information, testified, or was about to testify in any inquiry or proceeding relating to ERISA. See [D.E. 30] 8. In support, defendants cite King v. Marriott International, Inc., 337 F.3d 421, 426–28 (4th Cir. 2003), where the Fourth Circuit held that an employee making internal complaints concerning ERISA matters does not state a retaliation claim under 29 U.S.C. § 1140. See [D.E. 30] 8–10.

Johns responds that he brings count four under the first sentence of section 510 for his efforts to investigate and manage the valuation of the ESOP stock, which the Plan and ERISA give him the authority to do as a trustee. See [D.E. 33] 8–9. Johns disclaims that he is proceeding under the second sentence of section 510 concerning inquiries or proceedings. See id.

In King, the Fourth Circuit observed that "the only portion of section 510 possibly applicable to King is the sentence barring the discharge of 'any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter.'" King, 337 F.3d at 427 (quoting 29 U.S.C. § 1140). In holding that King failed to state a claim, the Fourth Circuit characterized King's claims as, at best, "internal complaints with some of her co-workers, her supervisor, and some of Marriott's attorneys," which were insufficient under 29 U.S.C. § 1140. Id. at 428.

Although Johns's circumstance may qualify as a type of intra-office complaint, Johns plausibly alleges that he anchors his claim to the first sentence in 29 U.S.C. § 1140. Johns plausibly alleges that he undertook protected activity by investigating and questioning ESOP stock valuations under his authority to "manage and control the assets of the plan." 29 U.S.C. § 1103(a); see Compl. ¶ 150. Johns also plausibly alleges that his authority included the authority granted to a trustee to value Plan assets at fair market value. See Compl. ¶ 48 (citing Plan documents). The operative statutory language in 29 U.S.C. § 1140 concerns "exercising any right to which he is entitled under

8

the provisions of an employee benefit plan [or] this subchapter." 29 U.S.C. § 1140. Thus, Johns states a claim in count four, and the court denies defendants' motion to dismiss count four.

III.

In sum, the court DENIES defendants' motion to partially dismiss the complaint [D.E. 29].

SO ORDERED. This 6 day of February, 2024.

JAMES C. DEVER III
United States District Judge

9