IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 5:23-CV-00324-D

| | |
|---|---|
| BRYAN J. JOHNS, individually and on behalf of the Morris & Associates, Inc. Employee Stock Ownership Plan,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM F. MORRIS III, DORIS MORRIS, RANDY CLAPSADL, ROBERT F. WARWICK, BRUCE BOWERS, JOHN KIMBER, NED LEARY, ED LEONARD, JOHN SHELL and MORRIS & ASSOCIATES, INC., a North Carolina Corporation,<br><br>Defendants. | **CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 7th day of March, 2024 ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. Information or documents which are available in the public sector may not be designated as confidential.

    a. In addition to documents designated as "CONFIDENTIAL," any party may designate information provided as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

    Information or materials shall only be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it reflects proprietary business or technical nature that might be of value to a competitor or potential customer of the party holding the proprietary rights thereto, and that must be protected from disclosure, and that one of the following conditions are met:

        i. The proprietary business or technical information reflects sensitive information that post-dates April 1, 2023; or

        ii. Counsel for the producing party has obtained prior agreement from Counsel for the non-producing party to make such a designation to that document or specific information contained within the document or has applied to the Court

2

for such a designation followed by a determination by the Court that the designation is warranted.

Absent a specific order by this Court, once designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such designated information shall be used by the parties solely in connection with this Action, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

    b.    Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated in every respect in the same manner as Documents designated as Confidential, except as follows:

        i.    Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be furnished, shown or disclosed to the parties;

        ii.    Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be furnished, shown or disclosed to any deposition witnesses who is not an employee of Morris & Associates, Inc., unless:

            (a)    counsel for the producing party is provided two days notice of the intent to use such documents at the deposition in order to provide counsel for the producing party an opportunity to assess any concerns regarding confidentiality with respect to the deposition witness and then to apply to the Court for further protection if deemed appropriate; or

            (b)    The deponent previously created, received, or reviewed the document; or

            (c)    The producing party has shown the deponent documents designed

3

as "HIGHLY CONFIDENTIAL – ATTORNEYS'' EYES ONLY"

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified or the document is publicly available through the Court.

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below (and documents designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be shown, in any event, to any person as set forth in subparagraph (2), and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents

4

which have been designated CONFIDENTIAL pursuant to this Order:

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[1]

(3) consulting and testifying expert witnesses retained by a party or their counsel;

(4) deponents in this litigation during the course of their depositions;

(5) individuals known to have authored, sent, or received the document or information previously;

(6) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(7) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential or Highly

---

[1] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment A hereto), counsel shall complete a certification in the form shown at Attachment B hereto. Counsel shall retain the certification together with the form signed by the party or employee.

5

Confidential – Attorneys' Eyes Only pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential or Highly Confidential – Attorneys' Eyes Only under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as designated if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential or Highly Confidential – Attorneys' Eyes Only Materials.**

a. **Pre-Filing Requirements.** Before filing any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to

6

Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

**b.** **Filing.** In accordance with § V.G. of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, any time a party seeks to file any material under seal or maintain filed materials under seal, including material that is subject to protection under this Order, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

7

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential or Highly Confidential – Attorneys' Eyes Only.** Any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a designation remains with the party asserting confidentiality.

    b. A party who contends that documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the

8

designation.

c.      Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

>(1)      the party who claims that the documents are confidential withdraws such designation in writing;
>
>(2)      the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or
>
>(3)      the court rules that the documents should no longer be designated as confidential information.

d.      Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.      **Treatment on Conclusion of Litigation.**

a.      **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.      **Return of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as

Confidential or Highly Confidential – Attorneys' Eyes Only under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential Highly Confidential – Attorneys' Eyes Only under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil

10

Case 5:23-cv-00324-D-RJ   Document 47   Filed 03/07/24   Page 10 of 15

Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED this 7 day of March, 2024.

*Robert B. Jones, Jr.*
United States Magistrate Judge

**ATTACHMENT A**
**ACKNOWLEDGMENT OF UNDERSTANDING AND**
**AGREEMENT TO BE BOUND**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**Civil Action No. 5:23-CV-00324**

| | |
|---|---|
| BRYAN J. JOHNS, individually and on behalf of the Morris & Associates, Inc. Employee Stock Ownership Plan,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM F. MORRIS III, DORIS MORRIS, RANDY CLAPSADL, ROBERT F. WARWICK, BRUCE BOWERS, JOHN KIMBER, NED LEARY, ED LEONARD, JOHN SHELL and MORRIS & ASSOCIATES, INC., a North Carolina Corporation,<br><br>Defendants. | **Acknowledgment of Understanding and Agreement to be Bound** |

      The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of North Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

      The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

                Name:                [undersigned name [att B]]

                Job Title:               [Job Title [att B]]

                Employer:             [Employer [att B]]

                Business Address:     [Business Address [att B]]

Date: **[date attachment A signed]**  [Signature [attachment A]] Signature

## ATTACHMENT B
## CERTIFICATION OF COUNSEL OF NEED FOR ASSISTANCE OF PARTY/EMPLOYEE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### Civil Action No. 5:23-CV-00324

| | |
|---|---|
| BRYAN J. JOHNS, individually and on behalf of the Morris & Associates, Inc. Employee Stock Ownership Plan,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM F. MORRIS III, DORIS MORRIS, RANDY CLAPSADL, ROBERT F. WARWICK, BRUCE BOWERS, JOHN KIMBER, NED LEARY, ED LEONARD, JOHN SHELL and MORRIS & ASSOCIATES, INC., a North Carolina Corporation,<br><br>Defendants. | **Certification of Counsel of Need for Assistance of Party/Employee** |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of [name of assistant [att B] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑      A named party;

❑      An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date:  **[date attachment D signed]**				[Signature [attachment D]] Signature